**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff

                             Case No. 4:06-CR-5-SPM/WCS

v.

PATRICK DUFFY REPPER

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE ADJUSTMENT

**THIS CAUSE** comes before the Court upon the Defendant's "Nunc Pro Tunc Motion" (doc. 15) filed on July 16, 2007, and the "Supplemental Motion; To Motion in Nunc Pro Tunc for Review of Sentence" (doc. 16) filed on July 18, 2007. In each of these motions, Defendant requests that his sentence be adjusted so that he will receive credit in this federal case for the time he has already served on the Florida state sentence and so that his federal sentence will run concurrently with his existing Florida state sentence.

Under the United States Sentencing Commission Guidelines, credit is received for "time in official detention resulting from the federal probation or supervised release violation warrant or proceeding." USSG §7B1.3(e). Furthermore,

> *[a]ny* term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

USSG §7B1.3(f)(emphasis added). In other words, if a person is sentenced for a violation of supervised release, time served on other charges does not warrant any reduction in the sentence for that violation of supervised release. Therefore, Defendant's time served under a Florida sentence will not be credited towards the federal sentence for the violation of his supervised release.

Additionally, only the Attorney General, acting through the Bureau of Prisons, and not the District Courts, is authorized to compute sentence credit awards after sentencing pursuant to 18 U.S.C. § 3585(b). United States v. Wilson, 503 U.S. 329, 333-35 (1992). As a result, a federal prisoner that is dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of the sentence.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's motion for an alteration of his federal sentence is hereby *denied*.

**DONE AND ORDERED** this twenty-seventh day of July, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge